UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA FENCL-BERTRAM,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSOLUTIONS, INC.,<br><br>    Defendant. | Case No. 08 CV 1967<br><br>Hon. Virginia M. Kendall<br>Magistrate Judge Keys |

## ANSWER OF DEFENDANT TRANSOLUTIONS, INC.

Comes now Defendant Transolutions, Inc. by and through its attorneys Lathrop & Gage L.C. and for its answer to Plaintiff's Complaint, states and alleges as follows:

1. Fencl-Bertram is a fifty-eight (58) year-old resident of the State of Illinois residing in Cook County at 8525 N. Milwaukee, Niles, Illinois 60714.

   **Answer:** Defendant admits the allegations of paragraph 1 on information and belief.

2. Defendant fashions itself as a technology-driven healthcare information company providing medical transcription and advanced text-based products and services to acute care facilities, clinics and surgery centers with its corporate office located' in the State of Illinois, County of Lake, at 18 N. Waukegan Rd., Lake Bluff, Illinois 60044.

   **Answer:** Defendant admits that its corporate office is located at the address indicated. Defendant denies each and every other allegation of paragraph 2 not admitted herein.

3. The claims against Defendant are for age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.

   **Answer:** Defendant admits that this Court has jurisdiction over this matter and that Plaintiff is alleging a claim under the Age Discrimination in Employment Act of 1967, but denies that Plaintiff is entitled to any relief whatsoever.

4. Jurisdiction is conveyed upon this Court for the ADEA claim by virtue of 28 U.S.C. § 1343 as this claim arises under the laws of the United States of America.

> **Answer:** Defendant admits that jurisdiction is appropriate in this Court, but denies that Plaintiff is entitled to any relief whatsoever.

5. Venue is appropriate in the Northern District of Illinois, Eastern Division by virtue of 28 U.S.C. 1391 as Fencl-Bertram's residence, the Defendant's business, and. the events or omissions giving rise to this claim are located in the counties served by the Northern District of Illinois, Eastern Division.

> **Answer:** Defendant admits that venue is appropriate in this Court, but denies that Plaintiff is entitled to any relief whatsoever.

## COUNT I – AGE DISCRIMINATION

6. Fencl-Bertram re-alleges and incorporates as if fully set forth herein paragraphs 1 though. 5 above.

> **Answer:** Defendant incorporates and realleges its responses to paragraphs 1 through 5 as though fully set forth herein.

7. Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Fencl-Bertram has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination• with the State of Illinois Department of Human Rights ("IDHR"), pursuant to the requirements of the ADEA and the Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto as Exhibit A and. fully incorporated herein by reference. ..

> **Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies same.

8. Fencl-Bertram has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit B.

      **Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies same.

9.    In. direct. violation, of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit A. and. fully incorporated herein by reference.

      **Answer:** Defendant denies each and every allegation of paragraph 9.

10.   As a result of Defendant's discriminatory conduct, as aforesaid, Fencl-Bertram has been damaged in her career and has otherwise suffered monetary and non-monetary damage.

      **Answer:** Defendant denies each and every allegation of paragraph 10.

Answering Plaintiff's prayer for relief, Defendant states that Plaintiff is entitled to no relief whatsoever and that Defendant is, instead, entitled to its costs and attorneys' fees and for such other and further relief as is just.

## COUNT II

11.   Fencl-Bertram re-alleges and incorporates as if fully set forth herein paragraphs 1.- 10 above.

      **Answer:** Defendant incorporates and realleges its responses to paragraphs 1 through 10 as though fully set forth herein.

12.   Defendant's discriminatory conduct, as aforesaid, was intentional and/or in reckless disregard for Fencl-Bertram's rights under the law and these acts constitute willful indifference to said rights.

      **Answer:** Defendant denies each and every allegation of paragraph 12.

Answering Plaintiff's prayer for relief, Defendant states that Plaintiff is entitled to no relief whatsoever and that Defendant is, instead, entitled to its costs and attorneys' fees and for such other and further relief as is just.

CH1 11471183.1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Defendant states that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Defendant states that all employment decisions regarding Plaintiff were made in good faith for legitimate, nondiscriminatory reasons.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant states that it acted at all times in good faith, based on practices that are job related, consistent with business necessity, and not for any discriminatory or illegal purpose.

### FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, in the alternative, Defendant states that it would have taken the same actions concerning Plaintiff in the absence of any alleged impermissible motivating factor, and therefore, any alleged damages or relief must be appropriately limited or restricted.

### FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant states that any alleged damage claimed by Plaintiff was caused or contributed to by Plaintiff's own actions or failure to act.

### SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, Defendant states that Plaintiff has failed to allege facts sufficient to give rise to a claim for punitive damages.

CH1 11471183.1

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, and in the alternative, Defendant states that Plaintiff is not entitled to an award of punitive damages because Defendant acted in good faith and took reasonable steps to prevent any alleged discrimination.

## EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, Defendant states that Plaintiff's claims for punitive damages violate the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and violate the Illinois Constitution.

## NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, Defendant states that some or all of Plaintiff's claims are barred or limited, in whole or in part, by the applicable limitations periods for said claims.

## TENTH AFFIRMATIVE DEFENSE

For its Tenth Affirmative Defense, Defendant states that Plaintiff's claim is barred or limited by her failure to mitigate any alleged damages.

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Plaintiff's Complaint having been fully answered and Plaintiff being entitled to no relief whatsoever, Defendant prays for this Court's Order dismissing Plaintiff's Complaint, with prejudice, at Plaintiff's costs, for its attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

TRANSOLUTIONS, INC.

By: /s/ Sara E. Lorber
      One of Its Attorneys

Brian N. Woolley (#6188643)
Lathrop & Gage L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001

Sara E. Lorber (#6229740)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Telecopier: (312) 460-7000

CH1 11471183.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served, by first class United States mail, postage prepaid, on the following counsel of record this 1st day of May, 2008.

Barry A. Gomberg, Esq.
Barry A. Gomberg & Associates, Ltd.
Attorneys at Law
53 West Jackson Blvd, Suite 1350
Chicago, Illinois  60604

                                                      /s/ Sara E. Lorber